STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7210
     FAX: (415) 436-7234
     Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 21-370 JST |
| Plaintiff, | ) |
| v. | ) **UNITED STATES'** |
| | ) **SENTENCING MEMORANDUM** |
| DONALD STEPHEN KYLE, | ) |
| Defendant. | ) Date: July 8, 2022 |
| | ) Time: 9:30 a.m. |

SENTENCING MEMORANDUM
CR 21-370 JST

1

## TABLE OF CONTENTS

2    I.     Introduction ...........................................................................................................1

3    II.    Defendant's offense conduct .................................................................................1

4           A.    Possession of child pornography in 2018 ...................................................1

5           B.    Distribution of child pornography in 2020 .................................................2

6           C.    April 2020 NCMEC CyberTips ..................................................................3

7           D.    July 2020 possession of child pornography ...............................................3

8           E.    Procedural history ......................................................................................4

9    III.   Penalties ................................................................................................................4

10   IV.    Sentencing Recommendation ................................................................................4

11          A.    Victim impacts............................................................................................5

12          B.    Section 3553(a) factors ..............................................................................6

13                1.     Defendant's history and characteristics..........................................7

14                2.     Nature and circumstances of the offense conduct...........................7

15                3.     Respect for the law .........................................................................8

16                4.     Just punishment ..............................................................................9

17                5.     Adequate deterrence ........................................................................9

18                6.     Protection of the public ................................................................10

19          C.    Supervised release....................................................................................10

20          D.    Restitution.................................................................................................10

21          E.    Forfeiture ..................................................................................................11

22   V.     Conclusion ..........................................................................................................11

23

24

25

26

27

28

SENTENCING MEMORANDUM
CR 21-370 JST

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Paroline v. United States*,
  572 U.S. 434 (2014)................................................................................................ 8

*United States v. Carty*,
  520 F.3d 984 (9th Cir. 2008) ............................................................................. 4, 5

*United States v. Ellis*,
  641 F.3d 411 (9th Cir. 2011) .................................................................................. 4

*United States v. Gall*,
  552 U.S. 38 (2007)................................................................................................... 5

*United States v. Kimbrough*,
  552 U.S. 85 (2007)................................................................................................... 4

*United States v. MacEwan*,
  445 F.3d 237 (3d Cir. 2006).................................................................................... 7

*United States v. Phillips*,
  CR 20-00099-JST (3/30/2020...............................................................................8

## STATUTES

18 U.S.C. § 3553(a) ...................................................................................... 4, 5, 6, 7

18 U.S.C. § 3553(a)(2).................................................................................................. 4

18 U.S.C. § 2252(a)(4)(B)............................................................................................4

## OTHER AUTHORITIES

Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. 3009, 3009-27 (1996)
  .................................................................................................................................. 8

## I.      Introduction

Defendant Donald Stephen Kyle possessed sexually explicit images of prepubescent children. The images included depictions of sexual abuse of young children, in particular young boys.  Mr. Kyle came to the attention of law enforcement in 2018, when officers searched his San Francisco residence and located child pornography in his electronic devices.  Two years later, after Mr. Kyle moved to the East Bay, law enforcement searched Mr. Kyle's residence, and again, Mr. Kyle possessed child pornography.  Law enforcement also determined that in 2020 Mr. Kyle was active in online communities where he shared images and links to images of child sexual abuse material in these online communities.  There are 45 identified victims in this case.  Mr. Kyle's recidivism is a significant, aggravating sentencing factor; on the other hand, Mr. Kyle has no prior convictions and accepted responsibility for his crimes at an early point in this matter.

As a result, the United States recommends a sentence of 48 months imprisonment followed by a ten-year term of supervised release.  The recommended sentence is a downward variance from parties' calculated guideline range of 78-97 months.  The government bases its recommendation on Mr. Kyle's offense conduct, his recidivism, the need for protection of the community from his conduct, and other aggravating sentencing factors, balanced with his early acceptance of responsibility and criminal history.

## II.     Defendant's offense conduct

### A.      Possession of child pornography in 2018

A Cybertip from Tumblr in May 2018 reported Mr. Kyle uploaded child pornography.  PSR ¶ 6. In this context, "uploading" means that Mr. Kyle distributed child pornography to Tumblr, an online community.  The image Mr. Kyle uploaded consisted of a nude juvenile male approximately 11-13 years old exposing his genitalia to the camera while lying on top of what appeared to be an adult male, whose erect penis was inserted into the minor's anus. *Id*.

San Francisco Police Department officers executed a search warrant at Mr. Kyle's home in San Francisco and seized his iPhone and laptop computer.  PSR ¶ 8.  Investigators found a Dropbox link on Mr. Kyle's phone that contained 153 images and 13 videos of child pornography.[1]  *Id*.  Dropbox is

---

[1] Under the Sentencing Guidelines, Mr. Kyle possessed 1,128 images on his phone in the

another online service in which a user may store, share or transmit data.  SFPD interviewed Mr. Kyle and his adult male partner.  Mr. Kyle admitted he viewed illegal images.  PSR ¶ 10.

Mr. Kyle's longtime partner told officers that in 2012 or 2013, he found child pornography on Mr. Kyle's laptop and confronted him about it.  PSR ¶ 9.  Mr. Kyle's partner now states that he learned from officers in 2018 that Mr. Kyle was viewing child pornography, and he told officers that in 2012 or 2013, he found adult pornography, not child pornography, on Mr. Kyle's laptop.  *Id*. at fn. 1.

Tumblr later confirmed that Mr. Kyle's account included approximately 50 images of child pornography, including an image of a very young boy, approximately 2-5 years old, being sodomized by an adult male.  PSR ¶ 11.

### B.       Distribution of child pornography in 2020

In January 2020, an undercover operation by the FBI's Knoxville Division identified Mr. Kyle as a Telegram user who posted photos and videos of prepubescent boys depicted in sexually explicit conduct.  PSR ¶ 12.  Telegram is another online community allowing users to send and receive communications and images, videos or recordings through direct messages or in chat groups.  The undercover operation identified Mr. Kyle, additionally, as a Kik user who posted numerous images and videos of prepubescent boys depicted in sexually explicit conduct during that same month.  PSR ¶ 13-14.  Kik is an online messaging service through which users may send and receive written communications and media files, including by joining chat rooms on the application.  These images included depictions of sexual violence against prepubescent boys.  *Id*. at 14.  During a chat on Telegram, Mr. Kyle remarked that he had once had sexual contact while in Hawaii with an adult male and the man's 12-year-old son.  PSR ¶ 15.

Mr. Kyle also distributed a link from MEGA in a Telegram chat, and the link contained 259 videos of child pornography.[2]  PSR ¶ 16.  MEGA is a cloud storage and file hosting service based in New Zealand.  The videos contained depictions of prepubescent boys under the age of 12 engaged in oral and anal sex with adult men and other juvenile boys, as well as prepubescent boys under the age of

---

Dropbox link.

[2] Under the Sentencing Guidelines, 259 videos of child pornography equal 19,425 images.

SENTENCING MEMORANDUM
CR 21-370 JST                                    2

12 masturbating and/or engaged in anal stimulation. There were also videos depicting boys under the age of 10 engaged in sexual activity, including: (1) One video of 8 minutes and 25 seconds in duration depicting a prepubescent boy under the age of 10, who is depicted first naked and locked in a cage and later depicted engaged in sexually explicit conduct with an adult male and (2) One video approximately 4 minutes in duration depicting a prepubescent boy under the age of 6, who is first asleep in the video and later depicted engaged in sexually explicit conduct with an adult male.  The boy wakes up about 4 seconds after the adult male begins the sexual contact with him.  *Id.*

On February 27, 2020, Mr. Kyle posted three videos to another Telegram group which depicted what appeared to be a prepubescent boy performing oral sex on an adult male, another prepubescent boy under the age of 6 being restrained and crying while an adult male digitally penetrates his anus, and finally an adult male attempting to penetrate the anus of a prepubescent child with his penis.  PSR ¶18.

### C.     April 2020 NCMEC CyberTips

In April 2020, NCMEC received two CyberTips from Facebook relating to a Facebook user later identified as Mr. Kyle who uploaded child pornography.  Investigators traced the activity to an IP address in Mr. Kyle's residence in Hercules, California.

### D.     July 2020 possession of child pornography

Law enforcement executed a search warrant at Mr. Kyle's Hercules residence in July 2020. During an interview with law enforcement, Mr. Kyle admitted the Telegram and Kik profiles were his. A forensic review of his Kik account revealed over 857 image and video files containing child exploitive and child sexual abuse material (CSAM).  PSR ¶ 32.  Of these files, there were 123 unique images and 228 unique videos depicting CSAM and 339 unique images and 82 unique videos depicting child exploitative material.[3]  These images included:  (1) One image of what appears to be the penis of an adolescent male penetrating the anus of another adolescent male; (2) One video with a duration of 1 minute, 59 seconds, depicting what appears to be an adult digitally penetrating the anus of a prepubescent male, while the prepubescent male is bound with his hands tied to his ankles by black

---

[3] Under the Sentencing Guidelines, Mr. Kyle's possessed 17,223 images of child pornography in his Kik account, consisting of 17,100 images alone from 228 unique videos.

SENTENCING MEMORANDUM
CR 21-370 JST                                    3

rope, and (3) One video with a duration of 1 minute, 59 seconds, depicting what appears to be a prepubescent male performing oral sex on an adult male.  PSR ¶ 34.

Mr. Kyle admitted that he possessed more than 600 images of child pornography.  PSR ¶ 3, 52.

### E.   Procedural history

On July 2, 2021, the United States charged Mr. Kyle by criminal complaint with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  Dkt. 1.  On September 20, 2021, the United States filed an Information alleging the same charge against Mr. Kyle.  Dkt. 11.  Defendant waived indictment.  Dkt. 13.  On January 21, 2022, Mr. Kyle changed his plea to guilty to that charge.  Dkt. 20.  The parties filed their written plea agreement that same day.  Dkt. 23.

### III.   Penalties

The parties agree on the guidelines calculation applicable to defendant's conduct.  The Base Offense Level is 18.  U.S.S.G. §2G2.2(a)(1).  A two-level enhancement applies due to images depicting minors under the age of 12.  §2G2.2(b)(2).  A four-level enhancement applies because defendant possessed images of sadistic or masochistic conduct and/or sexual abuse or exploitation of an infant or toddler.  §2G2.2(b)(4).  A two-level enhancement applies due to the use of a computer.  §2G2.2(b)(6).  A five-level enhancement applies because defendant possessed more than 600 images of child pornography.  §2G2.2(b)(7).  After a three-level reduction for acceptance of responsibility, defendant's Total Offense Level is 28.  Defendant's Criminal History Category is I.  As a result, defendant's Guideline sentencing range is 78-97 months.[4]

### IV.   Sentencing Recommendation

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The sentencing guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the

---

[4] Probation calculates a total offense level of 30, CHC of I, and sentencing range of 97-121 months.  PSR ¶ 122.

SENTENCING MEMORANDUM
CR 21-370 JST                                          4

sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007).  After determining the correct guidelines range, the Court should then evaluate the factors set out in Section 3553(a).  *United States v. Carty*, 520 F.3d 984 at 991-93 (9th Cir. 2008). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a).

A.    **Victim impacts**

NCMEC identified 45 known victims among the series of sexually explicit images of minors found in Mr. Kyle's possession.  PSR ¶ 37.  There were two NCMEC reports, one reporting 34 identified victims and the other reporting eleven.[5]

According to NCMEC, the victims are dispersed around the world in Australia, Brazil, Canada, Czech Republic, Germany, Hungary, Netherlands, Russia, and Switzerland, as well as in a number of states in this country: Alabama, Arizona, California, Florida, Georgia, Iowa, Illinois, Michigan, Montana, Nevada, New Jersey, New York, North Carolina, Pennsylvania, Tennessee, and Utah.

Victim impact statements describe the long-lasting and severe impacts on victims' lives from the circulation of the child pornography images in defendant's collection.  PSR ¶¶ 41-49.  A sampling of these reveals the deeply adverse impact of Mr. Kyle's conduct on these victims and their families.  The mother of the John Doe III, IV, and IV victims wrote, "These pornographic images will always hand over my children's heads and follow them through life like a dark cloud. This nightmare could end if these perverts were to stop sharing these photographs, but they do not. Instead, they continue to exploit my sons' rapes and abuses by sharing these photographs with other like-minded perverts while obtaining their own sexual gratification."  PSR ¶ 41.  "John Doe II" stated, "Each time someone downloads the pictures showing me being raped and abused I picture some pervert enjoying self-gratifying pleasure from my pain…"  PSR ¶ 43.

"Andy" from the SpongeBob series wrote that images and videos of his sexual abuse are one of the most widely distributed male victim series in the United States, with over 500 criminal cases

_____

[5] Under the Sentencing Guidelines, the total number of images possessed by Mr. Kyle depicting sexually explicit conduct by identified victims alone is 2,252 images (consisting of 15 videos plus 179 images plus 27 videos plus 227 images).

known to the victim.  "Andy" wrote, "Through some therapy, I am trying to learn other coping skills but it is hard and it is a daily struggle. I THINK ABOUT THE CHILD PORNOGRAPHY EVERY DAY!  …  My images may never be taken off the internet and may always be circulating across the country, but in THIS case with THIS defendant, I ask for justice to be served.  Please hear my voice and know it is difficult for me to know there are defendants out there, like the one before you at sentencing.  Please hold him accountable for his harm of me."  PSR ¶ 47.

A parent of "Super Hero Boy" put it this way, "It destroys you from the inside knowing that these things are out there of your child and that there is nothing that you can do about it.  It's not just a picture it's not just a video.  It's a father that has been crushed.  It's a child that will have to deal with this till the day he passes.  It's a family that has been shattered to pieces that will never be put back together.  Because of a selfish individual and the people who possess and share the videos for their own desires."  PSR ¶ 48.

These selected statements highlight the different aspects of damage inflicted on the victims from this defendant's conduct.  By circulating the images of the victims in various online communities, Mr. Kyle helped to ensure that these victims will never know peace.  They will live with the fear and dread of being recognized at any point in their life because of the images depicting the most awful moments of their childhood.  They may well find it very difficult to trust anyone or form meaningful relationships based on trust and respect.  Some defendants attempt to draw the distinction between the individual who actually abused the child and created an image of the abuse and the defendant who accessed the image at a later point in time.  This distinction fails to recognize the ongoing harm these victims suffer and the role a defendant plays in exacerbating the harm by actively trading the images in online communities like Telegram, Kik, MEGA, Facebook, Dropbox, and many others.  This proceeding is the victims' only opportunity to receive a measure of accountability from this defendant.

## B.    Section 3553(a) factors

The government will focus on these Section 3553(a) factors: the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1), the need for the sentencing goals to reflect the seriousness of the offense, promote respect for the law, and to provide just

punishment, § 3553(a)(2)(A), the need to provide adequate deterrence to criminal conduct, § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, § 3553(a)(2)(C).

### 1.   Defendant's history and characteristics

The defendant's history and characteristics support the recommended sentence.

Defendant is a 57-year old resident of Concord, California.  He is in good health.  He has no prior criminal history.  Through his counsel, he communicated his acceptance of responsibility at an early stage of these proceedings.

Accordingly, the government bases its downward variance request on two factors.  First, defendant's early acceptance of responsibility allowed the government to direct resources to other investigations.  This benefitted the government and the community at large.  Second, defendant has no prior convictions.

In connection with the preparation of the PSR, a number of individuals submitted letters of support for Mr. Kyle, citing their knowledge of him during the course of their relationship, in some cases involving more than twenty years.  None of these individuals indicated they had prior knowledge or awareness of Mr. Kyle's online activity possessing, receiving, and sharing child pornography.

### 2.   Nature and circumstances of the offense conduct

There is no dispute that Mr. Kyle's conduct was very serious and caused damage to others.  Here, Mr. Kyle obtained and stored child pornography, and he used his participation in online communities to share these images with others.  He used Tumblr, Dropbox, Telegram, Kik, MEGA, and Facebook.  Mr. Kyle possessed more than 600 files of child pornography and his collection included depictions of sexual abuse of young children.  By finding the victims' images on the internet, viewing them, and then sharing the images with other like-minded individuals in the various online communities he frequented, Mr. Kyle played a part in harming and exploiting the victims.

Courts across the nation have repeatedly found that child pornography possession presents a danger of "physical or psychological harm, or both, to the children involved," and the "mere existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children."  *United States v. MacEwan*, 445

F.3d 237, 250 (3d Cir. 2006) (internal quotation marks and citations omitted) (quoting Congressional

record).

> This Court discussed these interests in connection with detention proceedings in a recent case.

> The congressional findings underlying the federal child pornography statutes repeatedly stress that child pornography "is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved." Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996). Congress recognized that, "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *Id*. As the Supreme Court has said, child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457 (2014).

*United States v. Phillips*, CR 20-00099-JST, Dkt. 23 (3/30/2020).

And this is a growing problem. According to reporting in the *New York Times*, in early 2020, the

National Center for Missing and Exploited Children reported that it received over 70 million images and

videos last year from technology platforms through Cybertips, a marked increase over previous years.

https://www.nytimes.com/2020/02/07/us/online-child-sexual-abuse.html (last accessed June 29, 2022).

Mr. Kyle's conduct took place during this online explosion of sharing child pornography.

Finally, the nature of the offense conduct involves a certain level of deception on the part of the

defendant. It is not unusual for an individual who possesses child pornography to keep that activity a

secret from those to whom he is closest. That is the case here. The individuals who vouched for Mr.

Kyle with letters of support knew nothing about the images in his possession, what they depicted, how

he obtained them, and whether he engaged in sharing the images with others. This reality undermines

the strength of their observations, as Mr. Kyle was able to carry on his child pornography-related

activity while living a double life with seemingly healthy relationships with his personal, social and

work networks.

### 3. Respect for the law

Defendant's conduct harmed and exploited the victims as they have described for the Court. His

conduct undermined social structures in place to protect the welfare of children. Society devotes

significant resources to the welfare of children precisely because they are among the most vulnerable.

1  For example, the system of juvenile law and public education systems are designed to protect society's

2  fundamental interests in child welfare and foster the intellectual development of children.  Other legal

3  systems require adults in certain positions to report any signs of abuse or neglect of children.  When an

4  adult knowingly acquires and possesses images of sexually explicit conduct and abuse inflicted on

5  minors, that adult acts with pronounced disrespect for the legal structures designed to protect children

6  from exploitation and promote their welfare.

7                **4.**     **Just punishment**

8         The defendant found value in horrific images of children he found on the internet, to include

9  images of young children being sexually violated.  *See, e.g.,* PSR ¶¶ 14, 16, 34.  The need for just

10  punishment is another aggravating sentencing factor.  The government's recommended sentence

11  addresses this factor with a significant custodial term of imprisonment, while also giving a significant

12  downward variance.  According to the United States Sentencing Commission's Judiciary Sentencing

13  Information (JSIN), for an offender committing the same offense with the same criminal history as Mr.

14  Kyle, the median sentence was 54 months, and the average was 53 months.

15  https://jsin.ussc.gov/analytics/saw.dll?Dashboard (accessed June 29, 2022).

16                **5.**     **Adequate deterrence**

17         The recommended sentence will advance the important interest in general deterrence.  The use of

18  online social media platforms to find, save or circulate child pornography is a growing problem.  The

19  sentence should reflect deterrence adequate to address the need to protect minors from becoming victims

20  or being re-victimized through the repeated viewing of the sexual abuse they endured.  The

21  recommended sentence will signal offenders that possessing child pornography showing young children

22  subjected to terrible abuse will not be tolerated.  There is also a sentencing interest here in specific

23  deterrence.  Mr. Kyle has on more than one occasion come to the attention of law enforcement because

24  he possessed child pornography, both in San Francisco in 2018 and in the East Bay in 2020.  Being

25  caught red-handed in 2018 did not deter Mr. Kyle from continuing to engage in this conduct.

26         The history of Mr. Kyle's child pornography-related conduct confirms he is a recidivist.  Against

27  this backdrop of what has actually occurred, the defense will argue that Mr. Kyle is unlikely to commit

28

1  these offenses in the future.  Some defense-oriented expert witnesses conflate future likelihood to

2  reoffend with future likelihood of future prosecution for offenses.  By relying on future prosecution

3  rates, an expert is able to posit a very small future rate of recidivism.  But the number of offenses is

4  obviously much greater than the prosecution rate.  "It is estimated that less than 10% of sex crimes are

5  detected."[6]  As a result, such an expert opinion has very little weight, because it fails to address the

6  future risk of re-offense.

7      The recommended sentence addresses the need for deterrence, both general and specific.

8              **6.      Protection of the public**

9      The sentence should reflect the need to protect the public.  Here, the public includes all the

10  victims of defendant's conduct.  NCMEC identified victims in foreign countries and in several states

11  across this country.  The community extends to those locations at which images in defendant's

12  possession were created and where the victims depicted in those images reside.  The community

13  includes multiple areas of the Bay Area where Mr. Kyle resided.  As noted, Mr. Kyle's recidivism is an

14  aggravating sentencing factor, and it also highlights the need for protection of the public through the

15  recommended sentence.

16          **C.      Supervised release**

17      The United States recommends a 10-year term of supervised release.

18          **D.      Restitution**

19      There are pending requests for restitution from victims for an aggregate total of $78,415.  Does I,

20  II, III, IV, and V each submitted restitution claims of at least $3,000, for an aggregate of $15,000.  Andy

21  from the SpongeBob series is requesting $58,415 in restitution.  The victim in "SurferHair," or "Jessy,"

22  is requesting $5,000 in restitution.

23      The parties are in active negotiations to resolve these claims.  The government requests that the

24  Court set a restitution hearing within 90 days, with the defendant's personal appearance to be waived,

25  and if possible, the parties will resolve the claims in advance of the scheduled hearing and submit a

26

27  _____

28  [6] Flinton, Adams, Bennett, D'Orazio, Miccio-Fonseca, Fox, "Guidelines and Best Practices: Adult Male Sexual Offender Treatment 2010," California Coalition on Sexual Offending, p. 3.

stipulation and proposed order to incorporate the resolution in the judgment and take the hearing off calendar.

### E.    Forfeiture

The United States seeks forfeiture of the following items listed in the plea agreement:

      1.   Apple iPhone 8, IMEI 354893092088624;

      2.   HTC ARD6400 cell phone, IMSI: 311480004764962;

      3.   160GB Seagate hard drive S/N: 9RXG17J2; and

      4.   160GB Seagate hard drive S/N: 3LJ24H12.

## V.    Conclusion

For the reasons set forth above, including defendant's early admission of guilt in the plea agreement and his lack of criminal history, the government respectfully requests that the Court impose a sentence of 48 months of imprisonment and a term of ten years of supervised release.  Mr. Kyle's repeated offenses, activity in online communities moving large numbers of contraband images, and harmful impacts on his victims weigh in favor of a significant custodial term.  The government's recommended sentence takes into account the mitigating factors such as Mr. Kyle's criminal history and early acceptance while holding him accountable for his conduct and considering all of the relevant sentencing factors.

DATED:  July 1, 2022                              Respectfully submitted,

                                                STEPHANIE M. HINDS
                                                United States Attorney

                                               */s/ Jonathan Lee*
                                              JONATHAN U. LEE
                                            Assistant United States Attorney